Filed 7/16/25  P. v. Vasquez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CAMILO VASQUEZ,<br><br>    Defendant and Appellant. | F088245<br><br>(Super. Ct. No. MCR056275)<br><br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Kenneth N. Sokoler, and Ross K. Naughton, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

In 2018, appellant Camilo Vasquez was convicted of three sex offenses involving an 11-year-old girl, including forcible rape in which he tied and bound her. (Pen. Code, § 261, subd. (a)(2); § 667.61, subds. (e), (j)(2).[1]) In 2021, this court agreed with the parties that appellant's conviction in count 3, aggravated sexual assault of a child under 14 years of age, had to be reversed. In a published opinion, appellant's judgment was otherwise affirmed. (*People v. Vasquez* (2021) 63 Cal.App.5th 107, 109–110.)[2]

In 2021, the trial court resentenced appellant. For the forcible rape in count 1, he received a prison term of 25 years to life. The sentence in count 2 was stayed for his conviction of lewd and lascivious acts on a child under the age of 14 years.

In 2024, appellant filed a motion in the superior court in which he sought discovery under the Racial Justice Act (RJA). (See § 745, subd. (d).) Appellant filed this motion in propria persona.

On May 16, 2024, the superior court summarily denied the motion. The court concluded that appellant had failed to make a prima facie case that he was entitled to any discovery.

Appellant contends that the superior court erred in denying his motion for discovery under the RJA. We need not resolve that issue. Instead, we agree with respondent that this was not an appealable order. Accordingly, we dismiss this appeal.

# BACKGROUND

In appellant's 2024 discovery motion under the RJA, he sought information from the district attorney's office regarding the race of individuals charged and convicted of

---

[1]     All future statutory references are to the Penal Code unless otherwise noted.

[2]     In preparing the appellate record, a deputy clerk for Madera County Superior Court filed a request in this court for us to take judicial notice of the previous appellate record in case number F078067. In June 2024, we granted that request for judicial notice.

various sex crimes between January 1, 1980, and December 31, 2023.  He argued that compelled disclosure of this data would enable him to show a violation of the RJA.

The motion was not filed in connection with a pending writ petition or any other superior court proceeding.  The trial court denied the request, concluding that appellant had failed to make a prima facie case for relief and was not entitled to the discovery sought.

## DISCUSSION

## I.       The Order Denying Appellant's Discovery Request Is Not Appealable.

The RJA allows criminal defendants to challenge alleged racial bias involved in the prosecution of their cases.  To obtain relief, a defendant must prove a violation of the RJA by a preponderance of the evidence.  (§ 745, subds. (a)(1)-(4).)  There are various ways to demonstrate a violation of the RJA.  One method of proving such a violation is through statistical or documentary evidence demonstrating that members of one racial group are disproportionately charged or sentenced for similar conduct compared to others.  (*Id.*, at subds. (a)(3), (4)(A)(B), (h)(1).)

The RJA allows criminal defendants to obtain discovery to support claims of racial bias.  (§ 745, subd. (d).)  However, no statutory authority provides for an appeal from the denial of a stand-alone discovery motion under this provision.  The right to appeal exists only when expressly authorized by statute.  (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.)

In this appeal, the parties dispute two issues.  First, did the superior court err in denying appellant's motion for discovery under the RJA.  Second, is this an appealable order.

We need not resolve the first issue.  Instead, two published opinions have already answered the second question adversely for appellant, rendering the first query moot.

*People v. Serrano* (2024) 106 Cal.App.5th 276, review granted January 15, 2025, S288202 (*Serrano*) and *In re Montgomery* (2024) 104 Cal.App.5th 1062, review granted December 11, 2024, S287339 (*Montgomery*) have both held that an order denying a discovery motion under the RJA is not appealable. (*Serrano, supra,* at pp. 282–283; *Montgomery, supra,* at pp. 1066, 1073.) Although they differ on whether trial courts have jurisdiction to hear such motions absent a pending petition, both agree that appellate review of such orders must proceed via a writ, not on direct appeal.

The California Supreme Court has granted review of both *Serrano* and *Montgomery*. (*Serrano, supra,* 106 Cal.App.5th 276, review granted [further action deferred pending *Montgomery*]; *Montgomery, supra,* 104 Cal.App.5th 1062, review granted.) In granting review, the California Supreme Court is focusing on the jurisdictional issue: whether a petitioner must first allege a prima facie case for relief under the RJA before the trial court can consider an RJA discovery motion. (California Courts – Appellate Courts Case Information, *Serrano*, *supra*, S288202, <https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=3113654&doc_no=S287339&request_token=NiIwLSEnTkw6WzBdSSFNVE5IUDw0UDxTKyMuSzlRICAgCg%3D%3D> [as of May 20, 2025], archived at: <https://perma.cc/9C7J-VF4F>; California Courts – Appellate Courts Case Information, *Montgomery*, *supra*, S287339, <https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=3118182&doc_no=S288202&request_token=NiIwLSEnTkw6WzBZSCNNVEhIMEw0UDxTKyBeTzpTUCAgCg%3D%3D> [as of May 20, 2025], archived at <https://perma.cc/E5C8-64MX>.)

Appellant urges us to reject *Montgomery* and *Serrano*, arguing they were wrongly decided. We disagree. Both opinions thoroughly analyze the RJA and its procedural posture, and both conclude that a denial of a free-standing RJA discovery motion is not appealable. (*Serrano, supra,* 106 Cal.App.5th at pp. 293–294, review granted;

4.

*Montgomery, supra,* 104 Cal.App.5th at pp. 1066, 1073, review granted.) We decline to revisit those holding.[3]

## II.     Section 1237, Subdivision (b), does not Authorize an Appeal in this Situation.

Appellant contends that section 1237, subdivision (b), provides appellate jurisdiction because the denial of the RJA discovery motion affected his "substantial rights." This argument is unavailing.

The denial of an RJA discovery motion—particularly when no petition or other matter is pending—is an interlocutory ruling. Such an order does not impact a defendant's substantial rights because it leaves the defendant's custody status, conviction, or sentence unchanged. (*Serrano, supra,* 106 Cal.App.5th at pp. 292–293, review granted.)

*Montgomery* and *Serrano* both rejected the applicability of section 1237, subdivision (b), to RJA discovery motions. The *Montgomery* court concluded that section 745 does not create an exception to the general rule that trial courts may not entertain postjudgment motions unconnected to a pending proceeding. (*Montgomery, supra,* 104 Cal.App.5th at pp. 1068–1069, review granted.) *Serrano* reached the same result on appealability, even while allowing such motions at the trial level. (*Serrano, supra,* 106 Cal.App.5th at pp. 282–283, review granted.)

## III.    The Analogy from *Steele* Confirms this Result.

In *In re Steele* (2004) 32 Cal.4th 682, the California Supreme Court held that the denial of requested postconviction discovery under section 1054.9 is not appealable. In general, section 1054.9 allows certain convicted defendants to request postconviction discovery of materials in possession of the prosecution or law enforcement that were not

---

[3]     Despite the Supreme Court's review of the jurisdictional issue, both *Serrano* and *Montgomery* remain persuasive on the appealability issue. (See Cal. Rules of Court, rule 8.1115(e)(1) [while under Supreme Court review, an opinion has no binding or precedential effect but may be cited for potentially persuasive value].)

provided at trial for the purpose of preparing a habeas corpus petition or motion to vacate. According to *Steele*, when such a request is denied in the lower court, the proper remedy is through a petition for writ of mandate. (*Steele, supra,* at pp. 692–693.)

*Serrano* expressly relied on *Steele* in concluding that a standalone discovery motion under the RJA is not appealable. (*Serrano, supra,* 106 Cal.App.5th at p. 292, review granted.) We agree with this reasoning. There is no basis to distinguish the procedures for pursuing postconviction discovery under section 745 (i.e., the RJA) from the procedures under section 1054.9.

Pursuant to the analysis in *Steele*, *Montgomery* and *Serrano*, section 1237, subdivision (b), does not authorize an appeal in this situation. As such, the present appeal must be dismissed. Because we dismiss this appeal, we need not address appellant's claim that the superior court erred in denying his discovery motion.[4]

## DISPOSITION

The appeal is dismissed.

LEVY, Acting P. J.

WE CONCUR:


FRANSON, J.


MEEHAN, J.

---

[4] Appellant is not without a remedy. He may file a writ of habeas corpus (*Montgomery, supra*, 104 Cal.App.5th at pp. 1072–1073, review granted) or seek review by writ of mandate. (*Serrano, supra*, 106 Cal.App.5th at p. 292, review granted.)